**Eugene MILFORD, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, BOARD OF HEALTH, Defendant–Appellee.**

No. 05–1897–CV.

United States Court of Appeals, Second Circuit.

Dec. 20, 2005.

Eugene Milford, New York, N.Y., for Plaintiff–Appellant, pro se.

Pamela Seider Dolgow, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff–Appellant Eugene Milford appeals the judgment of the district court granting summary judgment to Defendant–Appellee the City of New York and dismissing Milford's complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Acting *pro se*, Milford appeals only the dismissal of his Title VII claims for failure to promote, disparate treatment, and retaliation. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

In analyzing Milford's claims, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Assuming *arguendo* that Milford pleaded sufficient facts to make out a prima facie case of failure to promote on the basis of gender, disparate treatment on the basis of gender, and retaliation, and assuming these claims were properly raised, he nonetheless has not met his burden of showing that the legitimate, non-discriminatory reasons proffered for the decisions he complains of are pretextual. Accordingly, Milford's failure to promote and disparate treatment claims were properly dismissed. *See Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005).

We have considered all of Milford's remaining arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.